UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LORI SMITH WEAVER, <br><br> *Plaintiff*, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> *Defendant.* | Civil Action No. 22-cv-02875 (RDM) |

**ORDER**

Plaintiff Lori Smith Weaver brings this civil action against the District of Columbia, alleging that her former employer, the Superior Court for the District of Columbia ("D.C. Superior Court"), failed to accommodate her disability and retaliated against her for seeking an accommodation, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794. *See* Dkt. 1 (Compl. ¶¶ 85-106). The District moves to dismiss Weaver's failure-to-accommodate claim (Count I) pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the claim is untimely. *See* Dkt. 7. For the reasons that follow, the Court **DENIES** the Defendant's motion to dismiss Count I of the complaint.

When considering a motion to dismiss, the Court "assume[s] the truth of all material factual allegations in the complaint" and grants the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). According to the complaint, Weaver was employed by the D.C. Superior Court from June 1993 to October 2021, most recently as a Deputy Clerk III of the Family Court Division of the Domestic Relations Branch. Dkt. 1 at 3, 11 (Compl. ¶¶ 14, 15, 72). In July 2016, Weaver began feeling "extreme

pain in her right wrist," *id.* at 3 (Compl. ¶ 19), which was subsequently diagnosed as a "[c]omplete tear of the volar aspect of the distal radial ulnar joint with dorsal subluxation of the distal ulna" and a "volar subluxation of the extensor carpi ulnaris tendon," *id.* at 4 (Compl. ¶ 20). And, in April 2017, Weaver started to experience "extreme pain in her left wrist," which was diagnosed as "ligament and tendon damage." *Id.* (Compl. ¶ 23).

Over the next several years, Weaver requested accommodations for her disability in the form of ergonomic workstations, at home and in the office, *id.* at 4, 7 (Compl. ¶¶ 22, 41), and reassignment to different position at the D.C. Superior Court requiring "less hand-wrist repetitive movements," *id.* at 8 (Compl. ¶¶ 50-51).  Her requests to be reassigned were repeatedly denied, *id.* at 4-5, 8 (Compl. ¶¶ 25-28, 51-53), culminating in an exchange that occurred between Weaver and H. Clifton Grandy, an Americans with Disabilities Act ("ADA") Coordinator for the D.C. Superior Court, on May 29, 2021.  *Id.* at 5 (Compl. ¶ 30).

On July 22, 2021, Weaver emailed Grandy "to inquiry about receiving a position reassignment as an accommodation for her disability in response to the December 29, 2020 disability certificate she had provided several months prior." *Id.* at 9 (Compl. ¶ 62).  Grandy responded that same day, stating that Weaver's "request for an ADA placement is closed and monitoring for an ADA job placement will cease." *Id.* at 10 (Compl. ¶ 65).  He explained that Weaver's December 29, 2020 disability certificate was "stale;" that Weaver had declined an alternative position that had been suggested as an accommodative reassignment and had "refused to go on a personal tour of the Court Social Services operation;" and that there were no other jobs at her grade level that would also comply with her medical restrictions. *Id*. at 9-10 (Compl. ¶¶ 63-65).

A few days later, Weaver provided Grandy with a new "disability certificate" from her physician, which identified Weaver's work restrictions and recommended a transfer to another job position. *Id.* at 10, 14 (Compl. ¶ 67, 100). Then, on August 13, 2021, Grandy issued a "Notice of Intent to Medically Separate" to Weaver, "indicating his recommendation that [ ] Weaver be terminated from her position as Deputy Clerk." *Id.* at 10 (Compl. ¶ 69). On August 26, 2021, Weaver provided her written response to Grandy's notice, *id.* (Compl. ¶ 70), and on September 1, 2021, Grandy replied. *Id.* (Compl. ¶ 71).

Later that month, on September 21, 2021, the Clerk of the D.C. Superior Court, Zabrina Dempson, issued a final "Notice of Determination to Separate for Medical Reasons," which stated that effective close of business September 24, 2021, Weaver's appointment as Deputy Clerk III would end and that her termination from the D.C. Superior Court would take effect on October 8, 2021. *Id.* at 11 (Compl. ¶ 72). The "stated reason for terminating [Weaver] was that no reasonable accommodation that would enable [Weaver] to perform the essential functions of the position" was feasible and "reassignment [was] not an option or [Weaver] [could not] be accommodated without imposing undue hardship on the court." *Id.* at 14 (Compl. ¶ 103).

Weaver filed this suit exactly one year later—on September 21, 2022. *See* Dkt. 1. The District now argues that Weaver's failure-to-accommodate claim should be dismissed as untimely. According to the District, the relevant statute of limitations is one year. *See* Dkt. 7 at 5. And, although Weaver leaves open the possibility that the statute of limitations is actually three years, *see* Dkt. 8-1 at 3-4, the District's motion can be resolved on the assumption that the District is correct, and the relevant statute of limitations is one year. More relevant for present purposes is the parties' disagreement about when the statute of limitations began to run. According to the District, the final event that could have triggered the running of the statute of

3

limitations occurred on July 22, 2021, when Grandy "declared that [ ] Weaver's 'request for an ADA placement closed and monitoring for an ADA job placement will cease.'"  Dkt. 1 at 10 (Compl. ¶ 65); *see* Dkt. 7 at 6.  In contrast, Weaver contends that her final request for a reasonable accommodation was not definitively rejected until September 21, 2021, when the Clerk of the Court notified her that her "appointment as Deputy Clerk III would end."  Dkt. 1 at 11 (Compl. ¶ 72); *see* Dkt. 8-1 at 6.

The limitations period for a failure-to-accommodate claim "begins to run from the date . . . the defendant failed to provide the plaintiff with a reasonable accommodation for her disability, 'so long as the plaintiff knew or had reason to know of the denial,'" *Owens-Hart v. Howard Univ.*, 220 F. Supp. 3d 81, 91 (D.D.C. 2016) (quoting *Floyd v. Lee*, 968 F. Supp. 2d 308, 326 (D.D.C. 2013)).  But because the statute of limitations is an affirmative defense, the Court may consider the timeliness of the complaint on a motion to dismiss only "when the facts that give rise to the defense are clear from the face of the complaint."  *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C.Cir.1998).  When "a plaintiff's potential 'rejoinder to the affirmative defense [is not] foreclosed by the allegations in the complaint,' dismissal at the Rule 12(b)(6) stage is improper."  *de Csepel v. Republic of Hungary*, 714 F.3d 591, 608 (D.C.Cir.2013) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir.2007) (en banc)).

The question presented is thus whether Weaver has alleged sufficient facts to support her contention that the September 21, 2021 notice from the Clerk of the D.C. Superior Court was a denial of her request for accommodation, such that the statute of limitations period began to run on that date and not July 22, 2021 as the District contends.  *See Owens-Hart*, 220 F. Supp. 3d at 91.  The Court concludes that Weaver has alleged as much.

To be sure, as the District argues, the complaint alleges that Grandy informed Weaver on July 22, 2021 that her "request for an ADA placement is closed and monitoring for an ADA job placement will cease." Dkt. 1 at 10 (Compl. ¶ 65).  But, significantly, the complaint also alleges that Grandy's denial was premised in part on the "stale[ness]" of the "disability certificate" Weaver had provided, *id.* at 9 (Compl. ¶ 63), and it further alleges that Weaver responded to Grandy by providing him with a new "disability certificate" from her doctor roughly a week later on July 27, 2021, *id.* at 10, 14 (Compl. ¶¶ 67-68, 100).  And, at least at times, the complaint suggests that Grandy was not the ultimate deciding official.  It alleges, for example, that Grandy "issued a Notice of Intent to Medically Separate to [ ] Weaver," which set forth "his recommendation that [ ] Weaver be terminated from her position as a Deputy Clerk;" that "Weaver provided her written response" to that notice; that Grandy, in turn, responded to Weaver's letter; and, finally, that the Clerk of the Court made the final decision to place Weaver "on non-duty service status with pay for 10 days," after which her employment would end.  Dkt. 1 at 10-11 (Compl. ¶¶ 69-72).

Drawing all reasonable inferences in Weaver's favor, as the Court must do at this stage of the litigation, the Court cannot conclude that Weaver's "potential 'rejoinder to the affirmative defense [is] foreclosed by the allegations in the complaint.'" *de Csepel*, 714 F.3d at 608.  Rather, the Court can reasonably construe the complaint to allege that, even if Grandy's July 22, 2021 email sought to put an end to Weaver's request for an accommodation, Weaver responded to that notice by requesting an accommodation again, this time premised on new information.  Nor does the complaint contain any allegation that Grandy ever directly responded to that latter request for an accommodation.  Instead, according to the complaint, Grandy's next interaction with Weaver was to provide her with the Notice of Intent to Medically Separate, which indicated his

5

*recommendation* that she be terminated from her position, *id.* at 10, 14 (Compl. ¶¶ 69, 101). That recommendation was not adopted, according to the complaint, until the issuance of the final Notice of Determination to Separate for Medical Reasons on September 21, 2021. *Id.* at 11, 14 (Compl. ¶¶ 72, 103). And, although it is possible that the question whether the D.C. Superior Court would grant Weaver's request for an accommodation was separate from its decision whether to terminate her employment, it is equally plausible (as least on the facts as alleged) that the two decisions were inextricably intertwined. The facts alleged, accordingly, do not foreclose the possibility that Weaver was unaware that her *July 27 request* for accommodation had been conclusively denied until she received notice of her termination on September 21, 2021. If so, the statute of limitations did not begin to run until September 21, 2021, and Weaver's failure-to-accommodate claim is timely—regardless of whether a one-year or three-year statute of limitations period applies.

At the motion to dismiss stage, that is all that Weaver must establish for her claim to proceed—a plausible chain of events of that puts her claim within the limitations period. To be sure, later in the litigation when the District has the chance to contest the facts alleged in the complaint, the District may be able to show that the failure-to-accommodate claim is untimely, and it is free to reassert its defense at that time. The defense, however, will likely turn on facts that are not currently before the Court, including whether Grandy had authority to render a final decision on Weaver's request for an accommodation, whether Weaver renewed her request for an accommodation on July 27, 2021, and, if so, what happened with respect to that renewed request. With a more developed factual record, moreover, the Court can better assess the parties' legal arguments. *Cf. Arthur v. D.C. Hous. Auth.*, No. 18-CV-2037, 2020 WL 7059552, at *3 (D.D.C. Dec. 2, 2020) (noting that "[c]ourts have divided on the question of whether a new

limitations clock begins running each time that a request for accommodations is made anew and denied again" and that "'mere requests to reconsider' are insufficient to reset the statute of limitations clock" (quoting *Delaware State Coll. v. Ricks*, 449 U.S. 250, 261 n.15 (1980))). But at this point, it is premature to resolve the District's affirmative defense.[1]

For the foregoing reasons, it is hereby **ORDERED** that Defendant's motion to dismiss Count I of the complaint, Dkt. 7, is **DENIED** without prejudice.

**SO ORDERED**.

/s/ Randolph D. Moss<br>
RANDOLPH D. MOSS<br>
United States District Judge

Date: August 14, 2023

---

[1] Because the Court denies the motion to dismiss on the basis of what is alleged in the complaint alone, the Court need not to decide whether to consider the materials Weaver appended to her opposition to the motion to dismiss, *see* Dkt. 8.